# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Bradley A. Cartier and Mun-Peng Tan;                    Civil No. 11-2168 JRT/AJB
Heather L. Welk and Dean J. Welk;
Walter G. Krawza; Shane B. Ulgem;
and Daniel Lipp and Milissa Lipp;
Samantha D. Hubbard; Oai The Nguyen
and Kim-Yen T. Phan; Alfred Wright;
Jeneane M. Brackett and Terry D. Brackett;
Lloyd E. Koenig and Vicky L. Koenig,

                              Plaintiffs,    **REPORT AND RECOMMENDATION
                                             ON MOTION TO DISMISS AND
v.                                           MOTION TO REMAND**

Wells Fargo Bank, N.A.;
U.S. Bank National Association;
MERSCORP, Inc.; Mortgage
Electronic Registration Systems, Inc.;
and Reiter & Schiller, P.A.,

                              Defendants.


     William B. Butler, Esq., Butler Liberty Law, LLC, for the plaintiffs;

     Evan A. Fetters, Esq., and Charles F. Webber, Esq., Faegre Baker Daniels LLP, for
     defendants Wells Fargo Bank, N.A., MERSCORP, Inc., Mortgage Electronic
     Registration Systems, Inc., and HSBC Bank USA, N.A., and

     Brian Kidwell, Esq., for defendant Reiter & Schiller, P.A.


          This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on

motion to dismiss by defendants Wells Fargo Bank, N.A., U.S. Bank National Association,

MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively

"Bank Defendants") [Docket No. 12].  Hearing on the motions was held on November 7, 2011,

at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.  The

motions have been referred to the magistrate judge for report and recommendation under 28

U.S.C. §636(b)(1).  In addition, a motion to remand to state court [Docket No. 32] was filed by

the plaintiffs subsequent to the hearing on motion to dismiss and is considered on the briefs and

without hearing.  The motion to remand also will be presented to the district court by report and

recommendation.  It is the court's determination herein that the plaintiffs' motion to remand

should be denied and the motion to dismiss by the Bank Defendants should be granted.

**Procedural Background**

This case was initially venued in Minnesota state court and was commenced by

summons and complaint issued in Ramsey County.  The matter was described as a quiet title

action.  Plaintiffs are persons who either individually, or as husband and wife, executed

promissory notes and mortgage documents relating to the purchase of real property which

subsequently became subject to non-judicial foreclosure proceedings.  The Bank Defendants are

mortgagees, assignees of mortgages, or trustees that commenced the foreclosures.  Along with

the Bank Defendants, the state court action named Reiter & Schiller, P.A., a Minnesota law firm

that conducted the foreclosure proceedings on certain properties, as a defendant.

The Bank Defendants and the law firm filed separate motions to dismiss which

were heard in the state court proceeding.  On July 21, 2011, Ramsey County District Court Judge

Elena L. Ostby issued Findings of Fact, Conclusions of Law, and Order in which she dismissed

all claims against Reiter & Schiller, P.A. on grounds that the law firm was entitled to immunity

as foreclosure counsel and the complaint failed to state a claim upon which relief could be

granted against the law firm.  The Order also dismissed a due process claim, Count IV, against

all defendants, and dismissed claims against defendants acting as trustees, with the exception of

trustee claims relating to one property.[1]  In all other respects the motion to dismiss by the Bank

Defendants was denied.  The state court determined that the remaining claims were sufficient to

survive a motion to dismiss for failure to state a cause of action under Minn. R. Civ. P. 12.02.[2]

The district court also concluded that the complaint was sufficient to satisfy the notice pleading

requirements of  Minn. R. Civ. P. 8.01, and fraud and misrepresentation claims against the Bank

Defendants were pled with sufficient particularity to preclude dismissal under Minn. R. Civ. P.

9.02.[3]

       The matter was removed to federal court on August 1, 2011, based upon diversity

of citizenship jurisdiction which arose as a result of the dismissal of Reiter & Schiller, P.A. as a

defendant.  Plaintiffs did not move for remand at or near the time of removal.  On August 22,

2011, the Bank Defendants submitted a letter to the court requesting permission to move for

dismissal in federal court, in light of recent decisions in the District of Minnesota dismissing

similar actions on grounds that were not considered by the state court in this matter.  The request

---

[1]  Claims by plaintiffs Daniel and Milissa Lipp against Wells Fargo Bank, N.A., as trustee for the holders of the First Franklin Mortgage Loan Trust survived.  Findings of Fact, Conclusions of Law, and Order, page 24 [Docket No. 1].  The amended complaint contains no references to a Wells Fargo Bank, N.A. trust relating to the Lipp property.

[2]  The motion was reviewed as one for summary judgment under Rule 56, in light of extraneous submissions by the parties.

[3]  Each of the 16 counts in the initial complaint references plaintiffs generally and defendants generally.  Claims were alleged with respect to six separate properties and five different defendant entities are identified.  The complaint could reasonably be construed to include 480 counts.  The complaint could be interpreted to allege 96 claims against the law firm alone.  The court apparently and understandably determined that a fraud claim, Count VII, and a negligent  misrepresentation claim, Count VIII, were either alleged against only the Bank Defendants, or were insufficiently particular to state claims against the law firm.  As to fraud and negligent misrepresentation, it is patently clear that the initial complaint fails to state claims against the law firm with any particularity whatsoever.

was granted,[4] and the motion to dismiss that is presently before the court was filed on September 2, 2011.

Thereafter, on September 23, 2011, plaintiffs filed an amended complaint adding several new plaintiffs[5] and asserting 13 counts relating to 12 separate properties. The amended complaint also contains allegations against Reiter & Schiller, P.A.,[6] specifically relating to four of the newly added properties.[7] Hearing on the Bank Defendants' motion to dismiss was held on November 7, 2011.[8] On January 31, 2012, plaintiffs moved to remand the case to state court, asserting that this is an action *in rem* or *quasi in rem* which is properly maintained in state court

---

[4] [Docket No. 10]. Text Entry Notice.

[5] Added plaintiffs are Samantha D. Hubbard, Oai The Nguyen and Kim-Yen T. Phan, Alfred Wright, Jeneane M. Brackett and Terry Brackett, and Lloyd E. Koenig and Vicky L. Koenig. Also, plaintiff Heather Welk appears to have an interest in property that is separate from an interest in property alleged by her husband, Dean Welk.

[6] As previously noted, Reiter & Schiller, P.A. was dismissed from this action by the state court. The law firm has not moved for dismissal of the amended complaint in federal court, though the firm appeared at the motion hearing and represented to the court that it was relying upon the previous dismissal for the position that Reiter & Schiller, P.A. was no longer a party to the suit. The docket indicates that an amended summons and complaint was personally served on the law firm on September 28, 2011 [Docket No. 27].

[7] Each separate count of the amended complaint expressly states which defendants are subject to that count. The Bank Defendants are individually identified and collectively are named in 12 of the 13 counts. Reiter & Schiller, P.A. is identified as a defendant to six counts, including a fraud claim to which it is the sole defendant. The amended complaint could be construed to allege 576 claims against bank entities (12 claims as to 12 properties against four banking entities) and 24 claims against the law firm (six claims as to four new properties).

[8] The motion to dismiss and supporting memorandum were filed before the amended complaint was served, but the motion was argued after the amended complaint was filed. Nonetheless, it is apparent to the court that the grounds for dismissal, i.e. no cause of action based upon separation of a mortgage from the underlying promissory note, apply equally to the amended complaint. Plaintiffs' primary challenge to dismissal is the contention that this is a quiet title action rather than a "show me the note" case.

under the principle of first acquired jurisdiction and was improvidently removed to federal court.

**<u>Amended Complaint</u>**

Following the removal of this action from state court, plaintiffs filed an amended complaint which again sought to bring in Reiter & Schiller, P.A., a nondiverse party, as a defendant, albeit with respect to new plaintiffs.  28 U.S.C. § 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

In deciding whether to permit joinder of the nondiverse party the court must consider: (1) the extent to which joinder of the nondiverse party is for purposes of defeating federal jurisdiction; (2) whether the plaintiffs have been dilatory in seeking the amendment; and (3) whether plaintiffs will be significantly injured if the amendment is not allowed.  <u>Le Duc v. Bujake</u>, 777 F.Supp. 10, 12 (E.D. Mo. 1991).

In this instance, Reiter & Schiller, P.A. was re-introduced into the action only with respect to plaintiffs who were also joined in the case by way of the amended complaint. Except that they involve foreclosures and share the same "legal theory" as a basis for relief, there is no apparent relationship between the new plaintiffs and the original plaintiffs.  Indeed, there is no clearly apparent relationship between any of the separate properties other than involvement with the same plaintiff counsel and the same defendants, a circumstance that is also marked by significant inconsistencies.  A separate action could have been brought by the new plaintiffs and the court finds absolutely no reason that either the additional plaintiffs or Reiter & Schiller, P.A. were named as parties in the amended complaint other than a transparent attempt to defeat diversity jurisdiction.  It is of no significant consequence that plaintiffs did not move to remand

for lack of diversity jurisdiction, or that defendants did not object to the amended complaint, because the amended pleading identified Reiter & Schiller, P.A. as a Minnesota law firm and the court may therefore consider the issue of subject matter jurisdiction *sua sponte*.[9]  See Bailey v. Bayer CropScience L.P., 563 F.3d 302, 307-08 (8th Cir. 2009).  As to whether plaintiffs were dilatory in seeking the amendment with respect to adding parties, the amended pleading was not necessarily filed late, but the factor is not pertinent because the motive is suspect, particularly in light of the close temporal proximity between the removal and the joinders.  Le Duc v. Bujake, 777 F.Supp. at 12.  Finally, with respect to whether plaintiffs will be injured by denying the joinder, the court finds no prejudice whatsoever under circumstances in which claims by the original plaintiffs against the same law firm were already dismissed in state court and new plaintiffs could have simply brought their own separate lawsuit.  It is the court's determination that allowing Reiter & Schiller, P.A. to be joined as defendants in this matter would defeat diversity jurisdiction, but that the joinder is fraudulent.  Joinder of the law firm defendant should be denied and allegations in the amended complaint [Docket No. 23] which purport to state claims against Reiter & Schiller, P.A. should be stricken.

**Motion to Remand**

Plaintiffs contend that the fundamental goal of this litigation is to obtain a determination as to the validity of defendants' interest in plaintiffs' properties.  Plaintiffs assert that the action is therefore quasi in rem, and is subject to the principle of first acquired

---

[9]  Multiple actions have been commenced in the District of Minnesota by counsel for plaintiffs in this case in which motions to remand have been denied on the basis of fraudulent joinder of foreclosure counsel.  The circumstances presented in this case, as stated in the pleadings, are not materially different. See, e.g.  Butler v. Bank of America, Civil File No. 11-461 DWF/TNL; Iverson v. Wells Fargo Bank, Civil File No. 11-2225 MJD/AJB; Murphy v. Aurora Loan Services, Civil File No. 11-2750 ADM/JJK.

jurisdiction.  This doctrine provides that, "[w]here one court has acquired jurisdiction over property, a second court may not exercise in rem or quasi in rem jurisdiction over the same property . . . . The doctrine is necessary to avoid unseemly and unmanageable conflicts between courts of concurrent jurisdiction."  In re the Trust Created by Lois W. Hill, 728 F.Supp. 564, 566 (D. Minn. 1990) (citations omitted).  Plaintiffs insist that the state court was the first to exercise jurisdiction over the property at issue in the matter and the federal court therefore lacks jurisdiction and must remand.  Plaintiffs further assert that the doctrine applies to actions that are removed to federal court.  Nevada v. Southfork Band of the Te-Moak Tribe of Western Shoshone Indians of Nevada, 339 F.3d 804, 814 (9th Cir. 2003).

Defendants do not necessarily agree that this is a quasi in rem action, but argue that the principle of first acquired jurisdiction does not apply in any event because there is no current parallel state litigation or state court responsibility relating to the property involved in this matter.  Although the case was first commenced in state court, the removal to federal court essentially terminated the state action.  There simply is no concurrent state action to which the federal court must defer the exercise of jurisdiction.

Defendants' position as to first acquired jurisdiction and remand in this matter is correct.  The case was removed on the basis of diversity jurisdiction.  Upon the removal to federal court the action ceased to exist in the state court.  Karl v. Quality Loan Service Corp., 759 F. Supp.2d 1240, 1244 (D. Nev. 2010).  There is no identified parallel or concurrent action in state court relating to the same properties, and there is no manifest threat of conflicting state and federal decisions.  In re the Trust Created by Lois W. Hill, 728 F.Supp. at 567.  Plaintiffs' insistence that the first acquired jurisdiction principle applies to actions that have been removed

is superfluous.  The doctrine could indeed serve as a bar to federal jurisdiction in a removed

case, but only if a state court still retained jurisdiction over the property by way of other

concurrent proceedings or the existence of state court continuing supervisory responsibilities

over the property.  Id.  There is no claim in this instance that plaintiffs' properties are subject to

any state court supervision or other pending litigation.  Remand to state court on prior acquired

jurisdiction grounds is not required.

**Pleadings and Claims**

    The amended complaint specifically alleges the existence of promissory notes,

mortgages, and the identities of particular plaintiffs, lenders, and parties involved in the

mortgages with respect to each property referenced in the pleading by legal description.  The

amended complaint next contains a series of general allegations relating to possession,

enforcement, and legal title to the original promissory notes, further making allegations as to

legality and enforceability of mortgage instruments which are not accompanied by original

promissory notes.  Thereafter, the amended complaint provides allegations regarding mortgage

assignment and/or foreclosure processes with respect to each particular property.[10]

    Finally, the amended complaint alleges 13 causes of actions in which the

defendants to each count are specifically named, but any particular plaintiff(s) on the claim are

not always identified.[11]  Count I alleges a claim for "Quiet Title" against the Bank Defendants;

---

[10]  Excepting the Cartier/Mun-Peng Tan property and the Lipp property which are not discussed in the amended complaint outside of the introductory allegation providing a legal description of the property and asserting the existence of a promissory note and mortgage.

[11]  As previous discussed in footnotes 3 and 7, this categorical pleading fails to clearly identify the particular parties, or the role of a particular party as to a count.  For example, it is alleged that Wells Fargo was the original mortgagee as to some properties, and in other instances Wells Fargo obtained the mortgage by assignment.  Several additional institutions are referenced

Count II asserts a claim titled "Defendants Are Not Real Parties in Interest" against the Bank Defendants; Count III asserts a claim titled "Defendants Do Not Have Legal Standing to Foreclose Mortgages" as to the Bank Defendants; Count IV alleges "Slander of Title" against the Bank Defendants and the law firm; Count V alleges "Conversion" by the Bank Defendants and the law firm; Count VI alleges "Unjust Enrichment" against the Bank Defendants; Count VII alleges "Civil Conspiracy" against the Bank Defendants and the law firm; Count VIII alleges "Breach of Fiduciary Duty" by the Bank Defendants; Count IX alleges "Fraud" against the Bank Defendants; Count X alleges "Negligent Misrepresentation" by the Bank Defendants and the law firm; Count XI alleges fraud by the law firm with respect to the Hubbard, Heather Welk, Nguyen, Brackett and Koenig foreclosures; Count XII alleges "Equitable Estoppel" as to the Bank Defendants and the law firm; and Count XIII asserts a claim for "Accounting" demanded from the Bank Defendants.

On motion to dismiss the Bank Defendants argue that the essence of plaintiffs' complaint and the common thread running through the actions on the various properties is the legal contention that no legal right to foreclose on their properties existed because the Bank Defendants did not possess the promissory notes that were secured by the respective mortgages. The Bank Defendants further assert that the complaint fails to meet the minimal pleading

---

as lenders and mortgagees but are not named as parties in this action.  There is no allegation of Wells Fargo's involvement with the Cartier/Mung-Pen property or the Lipp property.  MERS involvement is explicitly alleged as to some properties, but not others.  The role of either defendants MERSCORP, Inc. or defendant U.S. Bank National Association in this matter is completely unexplained as to any particular property.  Nonetheless, these entities are accepting the moniker of "Banking Defendants" and are defending this action in common, with joint representation.

Specific plaintiffs are referenced in only the Count V conversion claim, the Count IX and Count XI fraud claims, the Count X negligent misrepresentation claim, and the Count XII equitable estoppel claim.

specificity requirement under Fed. R. Civ. P. 8, and fails to allege facts sufficient to support the claims as necessary to survive a Rule 12(b) motion to dismiss for failure to state a cause of action.  In opposing the motions to dismiss the plaintiffs contend that defendants incorrectly apply the decision in Jackson v. Mortgage Electronic Registration Systems, 770 N.W.2d 487 (Minn. 2009) as a bar to this action; the complaint is adequate to meet the notice pleading requirements of Rule 8; and fraud is pled with the sufficient particularity to satisfy Rule 9(b). Moreover, plaintiffs insist that this is quiet title action which is properly brought under Minn. Stat. § 559.01[12] and is not properly dismissed for failure to state a claim under circumstances in which the plaintiff has possession of the property, and it is the defendants' burden to prove the validity of their adverse interest.

    **Standard of Review.**  A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible.  Twombly, 127 S.Ct. at 1974.  When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable

---

[12] Minn. Stat. § 559.01 provides:
> Any person in possession of real property personally or through the person's tenant, or any other person having or claiming title to vacant or unoccupied real property, may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively.

inferences from those facts in the plaintiff's favor.  Twombly, 127 S.Ct. at 1964-65.  A

complaint should not be dismissed simply because a court is doubtful that the plaintiff will be

able to prove all of the factual allegations contained therein.  Id.  Accordingly, a well-pleaded

complaint will survive a motion to dismiss even where the likelihood of recovery appears

remote.  Id. at 1965.  However, a plaintiff cannot rely upon general and conclusory allegations to

survive a Rule 12(b)(6) motion.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

When matters outside the pleadings are presented with a Rule 12(b)(6) motion,

and those matters are not excluded by the court, the motion should be treated as a Fed. R. Civ. P.

56 motion for summary judgment.  However, on a motion to dismiss for failure to state a claim,

the court may consider extraneous materials that are outside the complaint if such materials are

"necessarily embraced" by the pleadings. Piper Jaffray v. Nat'l Union Fire Insur. Co., 967

F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D.

Minn. 1996)).  See also  Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997).

In this matter the moving defendants have submitted declarations with exhibits

along with their motion and memorandums.  To the extent that the exhibits consist of case

opinions and court filings the court takes judicial notice of the materials.  As to exhibits

presented in the Declaration of Evan A. Fetters[13] the court has considered the materials which are

referenced in the amended complaint and are necessarily embraced in the pleading.  The motion

to dismiss is not being treated as a Rule 56 summary judgment motion.

**Legal Theory**

The legal position that permeates the amended complaint in this action, and is

---

[13] [Docket No. 29].

alleged either expressly or by incorporation to be the underlying basis for each and every count, is the assertion that a mortgagee cannot undertake foreclosure without possession of the original note.  It is not the law in Minnesota that possession of a promissory note is necessary for foreclosure by advertisement.  <u>Jackson v. Mortgage Electronic Registration Systems</u>, 770 N.W.2d 487.  The plaintiffs' theory has been soundly and repeatedly rejected in this district, even in the face of evolving complaints and efforts by plaintiffs' counsel to recast the claims.  <u>See</u>  <u>Murphy v. Aurora Loan Services, LLC.</u>, 2012 WL 104543, *3 (D.Minn., January 12, 2012)[14]  (Dist. Ct. Civ. File No. 11-2750 ADM/JJK) (discussing <u>Jackson</u> and citing recent District of Minnesota opinions rejecting the "show-me-the-note" legal theory[15]).  Importantly, the separation of the right to enforce a mortgage from possession of the promissory note, as sustained in <u>Jackson</u>, was fully recognized and applied in <u>Stein v. Chase Home Finance, LLC.</u> 662 F.3d 976, 980  (8th Cir. 2011).

Each of the counts stated in the amended complaint in this matter is premised on a fatally defective legal theory and therefore fails to state a cause of action.  The slander of title alleged in Count IV asserts liability based upon the contention that the defendants recorded mortgage deeds in the name of a nominee which did not have legal title to the original notes;

---

[14]   The general allegations and counts contained in the amended complaint under review in <u>Murphy v. Aurora Loan Services, LLC.</u> are substantively identical to those contained in the amended complaint is this case.  The amended complaint is essentially a form document.  In her written decision Judge Montgomery stated, ". . . baseless cases like this one brought by Mr. Butler detract and distract from serious, legitimate claims."

[15]   <u>See</u>,  <u>Butler v. Bank of America, N.A.</u>, Civ. No. 11-461, 2011 WL 2728321 (D. Minn. July 13, 2011); <u>Larsen v. Bank of America</u>, Civ. No. 11-1775, 2011 WL 6065426 (D. Minn. July 21, 2011: <u>Iverson v. Wells Fargo Bank, N.A.</u>, Civ. No. 11-2225, 2011 WL 6065358 (D. Minn. Oct. 25, 2011) (theory discussed in Order on Remand. A Report and Recommendation on Motions to Dismiss is pending before the district court judge).

Count V alleges conversion because defendants were not entitled to enforce the original notes; Count VII civil conspiracy is alleged on the basis of underlying conversion, fraud, and negligent misrepresentation claims derived from defendants' purported misrepresentations as to their status as holders in due course of the original notes; and the Count XII equitable estoppel claim asserts plaintiffs' reliance on defendants' alleged representations that they held the original notes. Likewise, claims for unjust enrichment (Count VI), breach of fiduciary duty (Count VIII), and fraud (Count IX) are explicitly based upon the incorrect contention that mortgages are not enforceable without possession of the note.  The court again concludes that each of the claims relies upon a fictitious legal theory regarding the need to possess the note to enforce a mortgage, and herein determines that all claims against the Bank Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

As to remaining claims, plaintiffs' quiet title action (Count I) alleges mortgage invalidity on the basis of various assertions that are wholly unsupported by facts, and to the extent that plaintiffs have factually alleged that defendants do not possesses the original notes, they have no cause of action.  The claims that "Defendants Are Not Real Parties in Interest" (Count II) and "Defendants Do Not Have Legal Standing to Foreclose Mortgages" (Count III), also rely on the mistaken notion that enforcement of a mortgage requires possession of the note and, in any event, those claims are not legally cognizable claims in Minnesota.  <u>Murphy</u> at*3. Plaintiffs' claim for an accounting by the Bank Defendants (Count XIII) is derived from other counts which fail to state a cause of action and the demand is therefore without a legal basis as well.  Plaintiffs have failed to state a claim upon with relief can be granted as to the Bank Defendants and dismissal pursuant to Rule 12(b)(6) is appropriate.

In addition, the court concludes that the Count IX fraud claim and the Count X

negligent misrepresentation claims against the Bank Defendants consist entirely of conclusory statements, and fail to allege fraud with the heightened fact particularity required under Rule 9(b), and should be dismissed for that reason as well.[16]  Murphy, 2012 WL 104543 at *3 (citing United States ex. rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006)).

## Quiet Title

While steadfastly maintaining the position that the claims in this matter are not barred under the holding in Jackson v. Mortgage Electronic Registration Systems, 770 N.W.2d 487, plaintiffs insist that this action is not a "show me the note" case, but rather, it is a quiet title action for which the burden of pleading has been satisfied.  Specifically, plaintiffs contend that possession of property by the plaintiff and an adverse interest by the defendant provide sufficient basis for quiet title action, and those fact claims have been alleged.

The fact of plaintiff's possession of property does not appear to be disputed. However, in asserting defendants' adverse interest the amended complaint merely makes the conclusory legal statement that defendants' mortgage liens are invalid, followed by a list of seven legal defects which are likewise legal rather than fact assertions.  In considering the list the court concludes that separate claims that mortgage liens are invalid because: (1) defendants are not in possession of the original notes, (2) defendants are not entitled to enforce the original notes, (3) defendants are not holders of the original notes, and (4) defendants are not holders in due course of the original notes, each assert some variation of the debunked "show me the note" legal theory and as a matter of law do not constitute support for an adverse interest allegation.

---

[16]  Count XI alleges fraud by Reiter & Schiller, P.A. only and should be dismissed for reasons previously discussed regarding the fraudulent joinder of the law firm in this matter, as well as lack of particularity under Fed. R. Civ. P. 9(b).

Remaining alleged grounds for lien invalidity whereby: (1) the mortgages are not properly perfected and (2) specified documents were not executed by an authorized individual, may constitute challenges to foreclosure but do not state a basis to invalidate mortgages or provide quiet title relief and therefore do not constitute an adverse interest allegation or support for such an allegation either.  Finally, the contention that mortgages are unenforceable because the assignments of plaintiffs' mortgages were invalid is also a factually unsupported statement.

To the extent that plaintiffs allege that certain mortgage assignments were invalid, particular properties and assignments are indicated in the amended complaint.[17]  Plaintiffs again fail to provide any factual support, instead relying upon conclusory allegations that each "assignment falsely purports to transfer rights in the original Note."  While the allegations recite the purportedly offending assignment language, defendants correctly point out the absence of any statement of legal or factual grounds that could warrant a determination that the assignment or transfers of an interest in a mortgage was unauthorized or unlawful, and in any event, the claim of falsity in regards to the assignment does not provide grounds to invalidate the mortgage, as plaintiff seeks for his quiet title relief.  Plaintiffs' claim for relief on a quiet title action fails as a matter of law.

## RECOMMENDATION

It is **hereby recommended** that:

1. Counts in the Amended Complaint [Docket No. 23] alleging claims against

---

[17]  The Bank Defendants identified pertinent amended complaint allegations regarding specific properties at ¶¶ 44 (Welk), 46 (Krawza), 47 (Uglem), 51 (Heather Welk), 53 (Nguyen), and 65 (Koenig).  Reply Mem. in Support of Bank Defendants' Mot. to Dismiss, page 10.

Reiter & Schiller, P.A. be **stricken** to the extent they purport to name and seek relief from Reiter

& Schiller, P.A. as a defendant;

      2. Plaintiffs' Motion to Remand [Docket No. 32] be **denied**; and

      3. Bank Defendants' Motion to Dismiss Plaintiffs' Complaint [Docket No. 12] be

**granted**.


Dated:   February 22, 2012

                                          s/Arthur J. Boylan
                                          Arthur J. Boylan
                                          United States Chief Magistrate Judge


      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before March 8, 2012.

      Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.