**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| BRADLEY A. CARTIER, MUN-PENG TAN, HEATHER L. WELK, DEAN J. WELK, WALTER G. KRAWZA, SHANE B. ULGEM, DANIEL LIPP, MELISSA LIPP, ALFRED WRIGHT, JENEANE M. BRACKETT, TERRY D. BRACKETT, KIM-YEN T. PHAN, SAMANTHA D. HUBBARD, VICKY L. KOENIG, OAI THE NGUYEN, and LLOYD E. KOENIG, | Civil No. 11-2168 (JRT/AJB) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| v. | |
| WELLS FARGO BANK, N.A.; U.S. BANK NATIONAL ASSOCIATION as trustee; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and REITER & SCHILLER, P.A., | |
| Defendants. | |

William B. Butler, **BUTLER LIBERTY LAW LLC**, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, for plaintiffs.

Rebecca F. Schiller, **REITER & SCHILLER, PA**, 25 Dale Street North, St. Paul, MN 55102; Charles F. Webber and Trista M. Roy, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402, for defendant Wells Fargo Bank, N.A.

Charles F. Webber and Trista M. Roy, **FAEGRE BAKER DANIELS LLP**, 90 South Seventh Street, Suite 2200, Minneapolis, MN 55402 for defendants U.S. Bank National Association, MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc.

Rebecca F. Schiller, **REITER & SCHILLER, PA**, 25 Dale Street North, St. Paul, MN 55102, for defendant Reiter & Schiller, P.A.

This case is one of a series of nearly thirty cases filed in this district by William B. Butler – in each, the plaintiffs challenge the validity of their mortgages in an attempt to prevent foreclosure.  The matter is before the Court on the plaintiffs' motion to remand and a motion to dismiss brought by defendants MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., U.S. Bank National Association, and Wells Fargo Bank, N.A. (collectively Bank Defendants).  On February 22, 2012, United States Magistrate Judge Arthur J. Boylan issued a Report and Recommendation ("R&R") recommending that the Court strike the claims in the amended complaint to the extent they purport to seek relief from defendant Reiter & Schiller, P.A.; grant the Bank Defendants' motion to dismiss; and deny the plaintiffs' motion to remand.  Plaintiffs made timely objections to the R&R. Having conducted a *de novo* review of those portions of the R&R to which the plaintiffs object, *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2(b), and having carefully reviewed the submitted materials, the Court overrules the plaintiffs' objections and adopts the R&R in its entirety.

## BACKGROUND[1]

Plaintiffs, Bradley A. Cartier, Mun-Peng Tan,[2] Heather L. Welk,[3] Dean J. Welk,[4] Walter G. Krawza, Shane B. Ulgem, Daniel Lipp, Melissa Lipp, Alfred Wright,

---

[1] For a complete recitation of the facts, see the R&R at 2-6.

[2] After stipulation by the parties, the claims of Bradley A. Cartier and Mun-Peng Tan were dismissed with prejudice on April 4, 2012 (Docket No. 50), and the claims of Jeneane M. Brackett and Terry D. Brackett were dismissed with prejudice on June 13, 2012 (Docket No. 56).

[3] The Court notes that Heather Welk is also a plaintiff in *Welk v. GMAC Mortgage*, No. 1102676, 2012 WL 1035433, at *39 (D. Minn. Mar. 29, 2012) (noting redundancies).

Jeneane M. Brackett, Terry D. Brackett, Kim-Yen T. Phan, Samantha D. Hubbard, Vicky L. Koenig, Oai The Nguyen, and Lloyd E. Koenig initiated this case in Minnesota state court as a "quiet title" action. (*See* Compl., Feb. 4, 2011, Docket No. 1-2.) Each plaintiff is a person who is subject to a foreclosure proceeding who alleges that "Defendants assert invalid and voidable mortgages" against them. (*See id.* ¶ 1.) The Bank Defendants are mortgagees, assignees of mortgagees or trustees that commenced the foreclosures. (*See id.*) Defendant Reiter & Schiller, P.A., is a Minnesota law firm that conducted the foreclosure proceedings on certain properties. (*Id.* ¶ 32.) Eviction proceedings for some plaintiffs are still pending in the Minnesota state courts. (Pls.' Obj. to R&R at 5, Docket No. 45 (noting pending actions that commenced in October 2011 against Krawza, January 2012 against Koenig, and February 2012 against Ulgem).)

The Bank Defendants and Reiter & Schiller, P.A. filed separate motions to dismiss in state court. On July 21, 2010, Ramsey County District Court Judge Elena L. Ostby dismissed all of the plaintiffs' claims against Reiter & Schiller, P.A. but denied the majority of Bank Defendants' motion to dismiss. After the dismissal of the law firm, the Bank Defendants removed the matter to federal court on August 1, 2011 based on diversity of citizenship jurisdiction. (Docket No. 1.)

On August 22, 2011, the Bank Defendants filed a letter requesting the Court's permission to move for dismissal in federal court, in light of recent decisions in the District of Minnesota dismissing similar actions and in light of newly discovered evidence. (Docket No. 9.) The Court granted the Bank Defendants' leave to file a

---

[4] The Court notes that Dean Welk is also a plaintiff in *Brinkman v. Bank of America, N.A.*, No. 11-3240 (D. Minn.), *Larsen v. Bank of America, N.A.*, No. 11-1775 (D. Minn.), and *Robinson v. Bank of America, N.A.*, No. 11-2285 (D. Minn.)

motion to dismiss on August 26, 2011.  (Docket No. 10.)  Bank Defendants filed the present motion to dismiss on September 2, 2011.

On September 23, 2011, the plaintiffs filed an amended complaint adding several new plaintiffs and asserting thirteen counts relating to twelve properties.  (Docket No. 23.)  The amended complaint also contains allegations against Reiter & Schiller, P.A., relating to four of the newly added plaintiffs' properties.  (*See id.*)

Plaintiffs raise no specific objection to the Magistrate Judge's recommendation that the allegations in the amended complaint which purport to state claims against Reiter & Schiller, P.A. should be stricken; thus, this recommendation will be adopted in full. Plaintiffs object to the R&R's determination that this Court has jurisdiction, contending that this action is subject to the principle of first acquired jurisdiction.  Plaintiffs also argue that this Court should not have reconsidered Bank Defendants' motion to dismiss and, in the alternative, object to the R&R's determination that the plaintiffs have not pled a claim on which relief could be granted.  The Court will address each objection in turn.

## ANALYSIS

### I.   THIS COURT'S JURISDICTION

Plaintiffs argue that this Court lacks jurisdiction under the doctrine of first acquired jurisdiction.  The doctrine provides that "[w]here one court has acquired jurisdiction over property, a second court may not exercise in rem or quasi in rem jurisdiction over the same property."  *In re the Trust Created by Louis W. Hill*, 728 F. Supp. 564, 566 (D. Minn. 1990).  Plaintiffs move for remand, arguing that the state court retains jurisdiction over the plaintiffs' property, stripping this Court of jurisdiction.  Plaintiffs

contend that removal of this action to federal court did not terminate state court jurisdiction. The Court disagrees.

Even assuming that this is an in rem or quasi in rem action to which the doctrine of first acquired jurisdiction would apply, the state court lost jurisdiction over this action when it was removed to federal court. "A single action exists in federal court following removal." *Dunbar v. Wells Fargo Bank, N.A.*, No. 11-3683, 2012 WL 1110161, at *3 (D. Minn. Apr. 3, 2012).[5] **Subsequent** filings of eviction cases regarding the plaintiffs' same properties in state court do not change the analysis. *See Welk v. GMAC Mortgage*, No. 11-2676, 2012 WL 1035433, at *18 (D. Minn. Mar. 29, 2012). State courts only continue to exercise jurisdiction if a case concerning the same property was filed in state court **before** the quiet title action. *See, e.g.*, *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 (9th Cir. 2011) ("Because the state Justice Court exercised jurisdiction over the Unlawful Detainer Action before the federal court exercised jurisdiction over the Quiet Title Action, the state court's exercise of jurisdiction takes priority.") (emphasis added). The Court concludes the doctrine of first acquired jurisdiction is inapplicable and remand is unwarranted.

---

[5] *See also Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir. 1992) ("[O]nly the district court had jurisdiction once the case was removed to federal court."); *Moubry v. Kreb*, 58 F. Supp. 2d 1041, 1047 (D. Minn. 1999) ("[U]pon the filing of a sufficient petition and bond in a removal case . . . the State Court's jurisdiction absolutely ceases and that of the Federal Court immediately attaches.") (quoting *Polito v. Molasky*, 123 F.2d 258, 260 (8th Cir. 1941)).

Plaintiffs' reliance on *In re Trust Created by Louis W. Hill*, is also misplaced. 728 F. Supp. at 567 (noting that Minnesota state courts have "continuing jurisdiction and supervisory responsibilities over trusts"). Unlike a trust, the state court has no ongoing supervisory responsibilities over this property that would create ongoing jurisdiction. *Id.* (contrasting cases in which removal was appropriate because the state court's jurisdiction was "based solely on its jurisdiction over a particular action"); *see also Dunbar*, 2012 WL 1110161, at *3.

## II.   MOTION TO DISMISS

### A.   Standard of Review

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *See, e.g.*, *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (internal quotation marks omitted). Finally, Rule 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### B.   Reconsideration of Bank Defendants' Motion to Dismiss

Plaintiffs object to the Court's ruling that consideration of the motion to dismiss after removal to federal court was appropriate. As a preliminary matter, the Court concludes that Bank Defendants' motion must be considered as a motion to reconsider under Minnesota Local Rule 7.1(h). Because Bank Defendants filed a motion to dismiss at the state court level before removal, the state court order would normally remain in

effect at the federal level.  *Palmisano v. Allina Heath Sys.*, 190 F.3d 881, 885 (8th Cir.

1999) ("After removal, such state court orders remain in effect but 'federal rather than

state law governs the future course of proceedings.'") (quoting *Granny Goose Foods, Inc.*

*v. Bhd. of Teamsters*, 415 U.S. 423, 437 (1974)).

Local Rule 7.1(h) allows motions to reconsider only with "express permission of

the Court, which will be granted only upon a showing of compelling circumstances."[6]  A

district court has broad discretion in determining whether to grant or deny a motion to

reconsider.  *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988).

"Motions for reconsideration serve a limited function: to correct manifest errors of law or

fact or to present newly discovered evidence."  *Id.* (quotation marks and citation omitted).

Because the Bank Defendants presented evidence of new case law and newly discovered

information about pending lawsuits that the state court did not consider in the original

motion to dismiss, the Court finds that compelling circumstances existed to support

reconsideration of the motion.  Plaintiffs' objection to the Court's reconsideration of the

motion to dismiss is therefore overruled.


### C.   Show-me-the-note Theory

The plaintiffs object to the Magistrate Judge's conclusion that "each of the counts

stated in the amended complaint . . . is premised on a fatally defective legal theory and

therefore fails to state a cause of action."  (R&R at 12.)  Specifically, the plaintiffs object

to the conclusion that all of their claims were based on the rejected theory that possession

---

[6] The Court granted this permission on August 26, 2011 (Docket No. 11), and the
plaintiffs did not explicitly appeal this Order.

of a promissory note is necessary for foreclosure by advertisement.[7]  *See Jackson v. Mortg. Elec. Registration Sys.*, 770 N.W.2d 487, 501 (Minn. 2009).  Plaintiffs argue that the amended complaint "contains allegations that the mortgages are invalid . . . because the assignments are improperly executed . . . ."  (Pls.' Obj. to R&R at 11 (noting  Am. Compl. ¶¶ 32, 72).)

Although not explicitly pled in the amended complaint, the plaintiffs now appear to argue that Bank Defendants did not comply with Minn. Stat. § 580.02(3), which requires recordation of mortgage assignments for foreclosure by advertisement.  *See Gewecke v. U.S. Bank N.A.*, No. 09-1890, 2011 WL 4538088, at *3 (D. Minn. Sept. 29, 2011) (denying defendants' motion to dismiss because plaintiffs had alleged that the mortgage was assigned but not recorded in violation of Minn. Stat. § 580.02).  Plaintiffs provide no facts to support these allegations.[8]  *Cf. id.* at *4.  The Court therefore concludes that the plaintiffs have failed to state a legally and factually "plausible claim for relief," *Iqbal*, 556 U.S. at 679, and it will grant Bank Defendants' motion to dismiss.

---

[7] Plaintiffs' theory that possession of a promissory note is necessary for foreclosure by advertisement has been repeatedly rejected in this district. *See, e.g.*, *Dunbar*, 2012 WL 1110161, at *6 (rejecting claims and citing other similar cases); *Welk*, 2012 WL 1035433, at *3-8 (same).

[8] In the paragraphs of the amended complaint referenced by the plaintiffs, they allege that "distinct and unrelated entities own all of the right to the proceeds of the Original Notes and Mortgages" and "Defendants' mortgages liens are invalid and constitute a cloud on Plaintiffs' titles." (Am. Compl. ¶¶ 32, 72.)  Even assuming that the plaintiffs meant to reference paragraph 73 of the amended complaint, the only allegation that supports the argument in their memorandum is "The Assignment of Plaintiffs' Mortgages were invalid."  (*Id.* ¶ 73(g).) Plaintiffs cite to no specific facts to support this allegation nor has the Court been able to find any in the Amended Complaint.

**CONCLUSION**

In granting Bank Defendants' motion to dismiss, the Court joins every other court in this district that has considered – and repeatedly rejected – show-me-the-note claims. The vast majority of such claims in this district have been brought by the plaintiffs' counsel, Butler, and Butler already faces sanctions for continuing to present pleadings and motions that increase the cost of litigation, are unsupported by the facts, or are unwarranted by existing law.[9]  *See* Fed. R. Civ. P. 11(b).  In light of this ruling and others like it, the Court urges Butler to remember his obligations under Rule 11 and the Minnesota Rules of Professional Responsibility and to consider the very real risk that baseless cases will "detract and distract from serious, legitimate claims."  *Murphy v. Aurora Loan Servs.*, No. 11-2750, 2012 WL 104543, at *5 (D. Minn. Jan. 12, 2012).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** the plaintiffs' objections [Docket No. 45] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated February 22, 2012 [Docket No. 38]. Accordingly, **IT IS HEREBY ORDERED** that:

1.      Counts in the Amended Complaint [Docket No. 23] alleging claims against Reiter & Schiller, P.A. are **STRICKEN** to the extent they purport to name and seek relief from Reiter & Schiller, P.A. as a defendant.

2.      Plaintiffs' Motion for Remand [Docket No. 32] is **DENIED**.

---

[9] *See Welk*, 2012 WL 1035433, at *19-26 (granting motions for sanctions); *Dunbar*, No. 11-3683, 2012 WL 1394666 (D. Minn. Apr. 23, 2012) (granting in part motion for sanctions), *Murphy v. Aurora Loan Servs.*, No. 11-2750, 2012 WL 1574122 (D. Minn. May 4, 2012) (same).

3.      MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., U.S.

Bank National Association, and Wells Fargo Bank, N.A.'s motion to dismiss [Docket

No. 12] is **GRANTED**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED:   June 27, 2012                                      ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                                      JOHN R. TUNHEIM
                                                                United States District Judge